*343
 
 Battle, J.
 

 We are unable to discover any word, phrase or sentence, in the act of 1848 ch. 38, which prohibits a poor debtor from having the articles which the law exempts from execution, set apart for the use of himself and family, after a creditor has made up an issue of fraud with him. The writ of
 
 capias ad satisfaciendum
 
 creates no lien on the defendant’s property,
 
 proprio
 
 vigore, and certainly no additional effect is given to it by the suggestion, on the part of the creditor, of a fraudulent concealment. The property still belongs to the debtor, as, indeed, is affirmed in the suggestion of the creditor. Being his, the act says, without qualification or restriction, that he may, by taking proper steps, have it set apart for the benefit of himself and family, and then expressly exempts it from execution. Under the act of 1844, ch. 32, (Ire-dell’s digested manual, p. 118,) which contained similar provisions, it was held, in the case of the
 
 State
 
 v. Floyd, 11 Ire. Rep. 496, that the debtor might apply and procure an assignment of the exempted articles to be made for him, at any time,
 
 even after a
 
 levy, before the property was changed or conyerted by a sale. We merely remark in passing, that since the Eevised Code went into operation, the assignment must be applied for and procured before a seizure of the property. Eev. Code, ch. 45, sec. 8. The proceedings in the present ease were taken under the provisions of the act of 1848, which, in this respect, are similar to those prescribed by the act of . 1844, and are not affected by the Eevised Code. That these provisions in favor of poor debtors and their families ought to receive a liberal construction, will manifestly appear from the opinion delivered for the Court by Eueein, O. J., in the case of
 
 Dean
 
 v. King, 13 Ire. Rep. 25. Seeing nothing in the terms of the act, nor in its policy, which ought to restrict the defendant, as was done in the Superior Court, we feel ourselves constrained to reverse the Judgment, and grant a
 
 venire de novo.
 

 Per Curiam.
 

 Judgment reversed.